[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY DISPOSITION
I.
This motion was filed on behalf of Brad S. and Kira L., whose mother is Robin S. Kira's father is Luis L. Brad's date of birth is February 14, 1977, and Kira's is February 10, 1982.
On April 11, 1990, Luis L. pleaded nolo contendere to the allegation that Kira had been denied proper care and attention, physically, emotionally and morally, and Robin S. pleaded nolo contendere to the allegation that both Brad and Kira had been denied proper care and attention physically, emotionally, educationally and morally. Brad and Kira were adjudicated neglected, and by agreement, protective supervision was ordered for a period of six months and court-ordered expectations were set.
On October 10, 1990, protective supervision was extended and again, on March 3, 1991, by agreement, protective supervision was extended to October 12, 1991. This extension order was as to mother as custodial parent.
On September 17, 1991, after hearing on the instant motion, protective supervision was extended until further order of the court.
 II.
The expectations set on April 12, 1990 were that mother: CT Page 9215
(1) Would keep DCYS aware at all times of current address and phone.
(2) Keep all appointments with DCYS.
(3) Maintain stable source of income.
(4) Maintain stable and adequate housing.
(5) Children will remain in school. Medical notes to be provided for illness.
(6) Mr. L. to have no access to the older children, Melissa, Brandy and Brad. Supervised visits by father (Mr. L.) supervised by mother, with Kira, away from the home.
(7) Mother to cooperate with sexual abuse evaluation at YNHH, and follow up on any/all recommendations made.
(8) Mother will not knowingly permit children to participate in criminal activities.
(9) Mother agrees to unannounced home visits.
 III.
On August 7, 1991, counsel for the minor children, Brad and Kira, filed a Motion to Modify Disposition, asking that the disposition on the adjudication of neglect be opened and modified, to wit: that the minor children be committed to DCYS.
In support of her motion, counsel alleged that respondent-mother has repeatedly failed to keep the court-ordered expectations and that given events taking place since April 12, 1990, it is no longer in the best interests of Brad and Kira to be in the care of respondent-mother.
Specifically, counsel alleges:
(a) The minor child, Brad, has medical problems which are not being addressed by the respondent-mother.
(b) The respondent-mother permitted the minor children to engage in criminal activity.
(c) The respondent-mother failed to protect the minor children — she failed to keep them out of the sole presence of Mr. Luis Lopez, an alleged child sex abuser, despite a court-ordered expectation that Mr. Lopez was not to have sole access to the children. CT Page 9216
(d) There is an extensive history of educational neglect, which has not been improved nor corrected since the placement of the children in protective supervision.
 IV.
A hearing on said Motion was held on September 17, 1991. The following testified: Ellis A. Perlswig, M.D., a psychiatrist; Officer Edward Remington, North Haven Police Department; Bob Zapone, Department of Income Maintenance; Rosemary Call, DCYS case worker.
The court must find by a fair preponderance of the evidence that it is in the best interests of the children or either of them, that the motion be granted, the disposition modified and the children or either of them, be committed to the care and custody of the Commissioner of Children and Youth Services. In reaching such a conclusion, the court must find that the movant has established one or more of its allegations by a fair preponderance of the evidence; and that such allegations when proven, warrant the relief sought. The court must base its finding on those facts of omission or commission occurring following adjudication and the imposition of protective supervision.
 V.
(a) As to movant's claim that "Brad has medical problems which are not being addressed by the respondent mother", the court finds:
Brad, age 14, is small in stature, in appearance like an eight-year old (DCYS, Ms. Call) or a nine-year old (Dr. Perlswig). Brad is severely limited intellectually and severely constricted emotionally. He projects an air of pervasive sadness. Following adjudication and the imposition of protective supervision, mother as assisted by the DCYS worker to make an appointment for Brad at Yale-New Haven Hospital. Prior to the appointment, the DCYS worker called mother and learned mother had forgotten the date. The DCYS worker transported mother and Brad to the appointment. Brad was examined, a tentative diagnosis of growth disorder was made and a second appointment was made for December 1991. Mother reported to the DCYS worker that some eight years ago, in New Jersey, a medical doctor told her Brad's statute was not a concern, that he would undergo a "growth spurt" at some later time.
These facts, standing alone, do not warrant a modification of disposition. CT Page 9217
(b) As to movant's claim that "the respondent-mother permitted the minor children to engage in criminal activity", the court finds:
Mother agreed to court-ordered expectations on April 12, 1990. Among those expectations was: "4. Mother will not knowingly permit children to participate in criminal activities."
On January 7, 1991, Officer Edward Remington of the North Have police department, responded to a shop-lifting complaint at the T. J. Max store in North Haven. On arrival he found approximately seven children detained, including Brad and his sisters, Kira and Brandy. Brandy, age 15, indicated she'd driven a motor vehicle to the store. The children were taken to the police station and Brandy, Brad and Kira were retrieved from there by mother and Mr. L., Kira's father. Mr. L. indicated he was the owner of the vehicle driven by Brandy. He denied giving permission to Brandy to take the vehicle.
Such facts, standing alone, do not suffice to support; the allegation that mother violated expectation 4., supra.
(c) As to movant's allegation that: "The respondent-mother failed to protect the minor children — She failed to keep them out of the sole presence of Mr. Luis L., an alleged child sex abuser, despite a court-ordered expectation that Mr. L. was not to have sole access to the children," the court finds as follows:
On April 12, 1990, mother entered into court-ordered expectations, which included: "2. Mr. L. to have no access to the older children, Melissa, Brandy and Brad. Supervised visits by father [Mr. L.] supervised by mother, with Kira away from the home."
On the same day, April 12, 1990, the court (Blue, J.) issued an order restraining and prohibiting Luis L. from:
 "1. Access to the home of Robin S., who currently resides at 132 Greenwood Street, New Haven, Connecticut.
 2. Contact or association with the above captioned children [Melissa, Brandy Brad]."
Mr. L. is Kira's father. Kira's half-sisters, Melissa and Brandy, are not children of Mr. L. In neglect petitions filed on behalf of Melissa, Brandy, Brad and Kira in January 1990, Mr. L. is alleged to have sexually abused Melissa and Brandy. No hearing was held on said allegations as the children were adjudicated neglected by agreement. CT Page 9218
Testimony at the hearing on the instant motion established that mother on at least one occasion states she regularly takes the children to Mr. L.'s home and makes use of his car (Perlswig). In addition. Ms. Call, DCYS, testified that Kira had told Call in April 1991 that she, Kira, had been alone with Mr. L., that Mr. L. had driven Kira to and from school and had also driven Brad to or from school on unspecified number of times. (Kira's further statement that her father buys things, clothes, roller skates, for her, in no way supports a claim that Kira's father and mother violated expectations or court restraining order).
The evidence adduced in support of allegations (d) supports a finding that mother and Mr. Lopez have not been entirely compliant with expectations but the extent of such failure to comply cannot be ascertained from the record, and this finding, standing alone, does not warrant the requested relief. Should such non-compliance continue and be documented, a motion to modify disposition might well be granted.
(d) As to movant's allegation that there is an expensive history of educational neglect, which has not been improved nor corrected since the placement of the children in protective supervision, the court finds as follows:
Contrary to this allegation, Kira's attendance at school has markedly improved since January, 1991. There is no basis for modifying disposition as to Kira on grounds of educational neglect.
In contrast, Brad's regular absence from school has continued unabated since he was adjudicated neglected.
Dr. Perlswig testified that Brad is very limited intellectually. His cognitive limitations are very great. He is emotionally very constricted and conveys a sense of depression. Ms. Call testified that Brad is very, very non-verbal, withdrawn, almost autistic. He apparently attends school infrequently. Despite these limitations, Brad apparently graduated from middle school this June and was to enter high school this September. Brad's educational plight suggests systemic failure by the school system, as well as demonstrating educational neglect on the part of the mother. There is no indication that mother has taken any steps to address Brad's educational and emotional needs, not even that she is aware of a problem.
Dr. Perlswig stated his professional opinion that the school system could not address Brad's needs. Dr. Perlswig believed continuation in public school would be damaging to Brad. Dr. CT Page 9219 Perlswig recommended counselling for Brad and residential placement to meet his social needs. The court finds Dr. Perlswig's testimony persuasive.
Mother agreed to the expectation: "Children will remain in school." With regard to regard, she has been flagrantly in noncompliance. Given mother's failure to comply with expectations for counselling for Melissa and Brandy, there is no reason to believe she would cooperate in obtaining counselling for Brad.
 VI.
As to Kira, we have a mother with demonstrated deficiencies in parenting skills, scornful of court ordered and a father and mother at least partially non-compliant with expectations. Protective supervision as to Kira will continue for a further six months from the date of this decision with an in-court review scheduled prior to expiration of the period of protective supervision. The expectations of April 12, 1990 remain in effect and the court reiterates "other condition" #2: Mr. L. to have no access to the older children, Melissa, Brandy and Brad. Supervised visits by father with Kira, supervised by mother away from the home.
As to Brad, the movant has established by a fair preponderance of the evidence that Brad's educational neglect has continued unabated during the period of protective supervision; that mother has been unable or unwilling to take steps to eliminate or ameliorate this neglect; and that the best interest of the child require the court to modify its disposition.
The instant Motion is granted as to Brad, and he is committed to the care and custody of the Commissioner of the Department of children and Youth Services for a period not to exceed eighteen months' from the date of this decision.
John T. Downey, Judge